**IN THE UNITED STATES COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:10-CR-395 |
| ) | |
| ) | Sentencing Date: February 24, 2011 |
| ZACHARY ADAM CHESSER, ) | |
| ) | The Honorable Liam O'Grady |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY TO GOVERNMENT POSITION WITH REGARD TO
SENTENCING FACTORS**

Mr. Chesser respectfully asks the Court to impose a sentence of twenty years of imprisonment, which is sufficient, but not greater than necessary, to comply with the purposes of sentencing enunciated by Congress in 18 U.S.C. § 3553(a)(2).

The government devotes nearly half of its pleading to just one of the factors under 18 U.S.C. § 3553(a)(2) - the advisory Guidelines range. As an initial matter, the government repeatedly asserts that the advisory Guidelines range is 360 months to life in prison, which is restricted by the statutory maximum punishments at issue in this case. Government Position at 1, 2, 4 ("The PSR correctly calculated the sentencing range as 360-life..."). In fact, the PSR calculated the Guideline range at 360 months (restricted). PSR at ¶ 123. "Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(a). The government's suggestion that the advisory Guidelines range is 360 to life, but is restricted to 360, is procedural error. *United States v. Dorvee*, 616 F. 3d 174, 181 (2nd Cir. 2010)(Finding procedural error where court stated "the guideline imprisonment range is 262 to 327 months, but the statutory maximum is 240 months.");

1

*United States v. Regan*, 627 F. 3d 1348, 1354 (10th Cir. 2010). The advisory guideline range is 360 months (restricted).

The government compounds this error by urging this Court to adopt an even more inflated offense level under § 1B1.2(a) and § 2X1.1, which has no impact on the advisory Guidelines range of 360 months (restricted). Government Position at 2-4. The purpose of § 1B1.2 is to ensure the offense level accurately reflects the seriousness of a defendant's conduct and prevent a Court from applying an "artificially lenient offense level and then depart[ing] from the guideline sentence to the extent appropriate to account for the defendant's more serious underlying conduct." *United States v. Strong*, 891 F. 2d 82, 84 (5th Cir. 1989). The Guidelines range for material support for terrorism accurately reflects the seriousness of Mr. Chesser's conduct, and hardly creates an artificially lenient offense level so as to justify consideration of an equally serious offense as the government argues. This Court has before it a PSR that, with the exception of the enhancement for obstruction under § 3C1.1, correctly calculates the advisory guidelines range for Mr. Chesser's conduct. This Court may consider all of Mr. Chesser's relevant conduct in fashioning an appropriate sentence under 18 U.S.C. § 3553(a), but it need not accept the government's invitation into the "difficult situations" generated by § 1B1.2(a). *United States v. Lambert*, 994 F. 2d 1088, 1092 (4th Cir. 1993).

The government effectively joins in Mr. Chesser's objection to the Probation Officer's enhancement for obstruction of justice under Note 5(b) of § 3C1.1, which relates to false unsworn statements to law enforcement. Government Position at 5. Instead, the government argues that Mr. Chesser obstructed justice on June 6, 2010, when he instructed his wife to deny his true travel destination in the event she was ever questioned by law enforcement. Government Position at 5. The government maintains that in doing so he unlawfully influenced his wife who, according to the

government's logic, was at that point, either a co-defendant or a witness in a criminal case for purposes of Note 4(a) of § 3C1.1. Such a broad reading of Note 4(a) would make nearly every criminal act subject to an enhancement for obstruction of justice. *see e.g., United States v. Vaghela*, 169 F. 3d 729, 735 (7th Cir. )("In a broad and colloquial sense, every criminal act is an obstruction of justice, as is every effort to conceal that criminal act."); citing *United States v. Aguilar*, 515 U.S. 593, 599 (1995)("The action taken by the accused must be with an intent to influence judicial or grand jury proceedings."). While Mr. Chesser's effort to conceal his crime and forestall a possible future investigation is "far from praiseworthy", its "distance in time, causation, or logic" with judicial proceedings does not bring this conduct within judicially accepted notions of obstruction of justice. *Vaghela*, 169 F. 3d at 735. None of the cases cited by the government compel a different result as the defendants in those cases had knowledge of an ongoing criminal investigation if not a full blown criminal prosecution and intentionally took steps to interfere with that investigation or prosecution.

While the Court must consider the advisory Guidelines range in this case, this Court must fashion an appropriate sentence after considering all of the co-equal factors set forth in 18 U.S.C. § 3553(a). In doing so, this Court should consider that the sentence requested by the government requires the Court to sentence Mr. Chesser at the statutory maximum punishment for all three Counts. While Mr. Chesser's attempt to provide material support to al-Shabaab is serious, it must be placed in context with cases like that of Donald Maldonado who trained with the predecessor to al-Shabaab, which was then engaged in combat with our nation's armed forces, and who was captured by allied military forces as he was fleeing the battlefield. Mr. Maldonado received 120 months for receiving military training from a foreign terrorist organization.

Mr. Chesser's internet activity, upon which Counts 1 and 2 are premised, must also be placed in context. While Mr. Chesser's threats against the creators of South Park and others are serious, they cannot properly be placed alongside Ayatollah Khomeni's threats against Salman Rushdie or the now deceased radical cleric behind the Jyllands-Posten Muhammed cartoons controversy. Criminal Information at 6; Government Exhibit 1 at 2. Unlike threats from deviant Islamic religious leaders who arguably possess religious credentials and who, as leaders of countries or mosques also have adherents to their teachings, Mr. Chesser's call to violence, thankfully, appears to have received little attention, which is not surprising given its source.

The government describes a parade of horribles and insists Mr. Chesser "can [never] undo what he has already done." Government Position at 9. But there is no support for this statement in the facts before the Court. There is no evidence empty bags have been left in America's cities as Mr. Chesser suggested on June 15, 2010. There is no evidence any of the materials Mr. Chesser obtained from the internet and re-posted on the internet has led to the death of Americans or will do so in the future. And while the government may believe Mr. Chesser had the ability to mobilize would-be martyrs willing to follow his religous guidance, there is no evidence regarding the size of Mr. Chesser's internet audience, if he had one at all. Perhaps most importantly, there is no evidence Mr. Chesser's actions "contributed to the destruction of the very freedoms on which our society is based." Government Position at 10. The creators of South Park continue to satirize the world's religions on television and now on Broadway. Dave Itzkoff, *A Sweet Show, With Blasphemy and Cussing*, N.Y. Times, Feb. 16, 2011 (Exhibit 6).

The defense has provided an accurate assessment of the truly serious nature of Mr. Chesser's crimes, which warrant a serious punishment to twenty years in prison. In light of the factors outlined by § 3553(a), including the nature and circumstances of the offense and the character of Mr. Chesser, his decision to plead guilty and his acceptance of responsibility, he respectfully requests that this Court sentence him to 240 months.

    Respectfully submitted,
    Zachary Adam Chesser
    By Counsel:

    _____/s/_____
    Michael Nachmanoff
    Federal Public Defender
    Virginia Bar No. 39180
    Brian L. Mizer
    Assistant Federal Public Defender
    Virginia Bar Number 79384
    Counsel for Mr. Chesser
    1650 King St., Suite 500
    Alexandria, Virginia 22314
    (703) 600-0840 (tel.)
    (703) 600-0880 (fax)
    Brian_Mizer@fd.org

Kathryn J. Mims
Pro Bono Attorney
Juliet Mazer-Schmidt
Pro Bono Attorney


**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of February 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Mr. Gordon Kromberg, Esquire
    Special Assistant United States Attorney
    United States Attorney's Office
    2100 Jamieson Ave.
    Alexandria, Virginia, 22314
    Tel: 703.299.3700
    godon.kromberg@usdoj.gov

I further certify that a copy of the foregoing pleading will be delivered by electronic mail to:

    Mr. James E. Stratton
    U.S. Probation Officer
    10500 Battleview Parkway, Suite 100
    Manassas, Virginia 20109
    Tel: 703.366.2100
    terrell.sewell@vaep.uscourts.gov

                                                    _____/s/_____

                                                    Michael Nachmanoff
                                                    Federal Public Defender
                                                    Virginia Bar No. 39180
                                                    Brian L. Mizer
                                                    Assistant Federal Public Defender
                                                    Virginia Bar Number 79384
                                                    Counsel for Mr. Chesser
                                                    1650 King St., Suite 500
                                                    Alexandria, Virginia 22314
                                                    (703) 600-0840 (tel.)
                                                    (703) 600-0880 (fax)
                                                    Brian_Mizer@fd.org