# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF VIRGINIA

UNITED STATES OF )
AMERICA, )
    v. ) No. 10-cr-395-LO
ZACHARY A. CHESSER )

## DEFENDANT'S REPLY TO RESPONSE OF THE UNITED STATES TO MOTION TO SHOW CAUSE

Defendant Zachary A. Chesser makes this reply to (Doc. 62) the Response of the United States to his Motion to Show Cause.

The United States has seriously misinterpreted both Mr. Chesser's Motion to Show Cause and a motion from Chesser v. Bivas, 3:13-cv-456-JPG-PMF (S.D. Ill.), so the Court must now order the Federal Defender[1] to send Mr. Chesser all of the discovery materials which he showed are probably not classified.

---
[1] Mr. Chesser has received no response from the FD nor this Court's order.

1

First of all, Mr. Chesser's motion in *Bivas* describes how he is obtaining new evidence for his 2255 everyday and even cites his Motion to Show Cause in *this* case on page 10 as evidence his plans are in flux. In *Bivas*, Mr. Chesser sued the BOP for refusing to let him have specific cds sent by his former attorney Michael Nachmanoff. This is what the Federal Defender sent him, but a great deal of his case file is still missing as shown in the Motion to Show Cause. In *Bivas*, Mr. Chesser can only sue the BOP for things it actually did, so his "criminal discovery" is a concept limited by the scope of the complaint. Thus, this motion which explicitly

2

references his Motion to Show Cause is clearly not proof that his Motion to Show Cause is moot.

The United States has also misapprehended Mr. Chesser's Motion in *this* case. Mr. Chesser was not moving for a holding of contempt. He was inviting the United States to explain and refute his evidence that certain things were declassified. As it has not done this—nor even tried to do it — the Court must grant Mr. Chesser's motion with respect to this material, so long as the USAO actually disclosed it to the Federal Defender when prosecuting Mr. Chesser.

The fact that the USAO is not in charge of classification and declassification is irrelevant to Mr. Chesser's Motion. The USAO can certainly *inquire* as to whether or not something is still classified. It can also inquire as to whether a classified item can be declassified. Had this been a trial and not a 2255, Mr. Chesser's attorneys would be making all sorts of motions to disclose classified information under the Classified Information Procedures Act. U.S. Attorneys typically don't throw up their hands and surrender CIPA issues because they consider themselves unqualified to handle them.

4

The Government's citation of cases like *United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989), is misplaced. Mr. Chesser was not a *member* of Al-Shabaab, nor was he a spy, nor was he much of anything besides a blogger. He's convicted of *failing* to join Al-Shabaab.

The fact that the Government used the expediency of FISA to bypass the requirements of a criminal warrant ought not inhibit his ability to prove he is innocent, especially when he only intends to make an argument on his non-terrorism charges.[2] The Court can look at Mr. Chesser's motion from *Bivas*

---

[2] This does not mean Mr. Chesser will not fight his Material Support charge if he is reprosecuted, but 2255's and trials are very different.

5

and look at the FBI's affidavit from *U.S. v. Morton* and see that under *Elonis v. United States*, 135 S.Ct. 2001 (2015), that affidavit turns from something menacing into an argument *by the FBI* that Mr. Chesser did not break the law. If Mr. Chesser took efforts — efforts the FBI recorded — to make sure his posts did not come across as threats or calls for murder, as that affidavit shows, he is innocent.

    The point here is that the Government has already disclosed recordings of Mr. Chesser's phonecalls (which he has not received from the Federal Defender), emails (not received), pages of his journal, and so on. Doc. 62, p. 3 n. 2.

Did the FBI photograph only certain pages of his journal with a "secret" sort of camera? Did it selectively wiretap his phones so that only the exculpatory evidence would be classified?

The Government has not proven that any of what Mr. Chesser seeks is still classified, but even if it was, Mr. Chesser already knows his IP address was tracked; his car had a GPS on it; that "Ahmad," "Al-Jousof," "Garane," and the German guy whose name he forgets were undercover agents; that the red-haired heroine addict who congratulated his ex-wife when she miscarried his own child wanted to testify against him for something or other;

that his phones were bugged; that his apartment was paid for by the FBI and came with a complimentary set of bugs (not the organic sort) strewn all over the place; that his emails were seized; and that his journal was photographed. If the Government wants to avoid disclosing something, it needs to at least provide some sort of vague reason as to why page 26 is different than page 27.

Mr. Chesser is innocent of at least two of his convictions and the Government's mere say-so that something may or may not be classified and that it doesn't feel like figuring it out is not enough of

a reason to make Mr. Chesser try to recall his precise words from five years ago. These documents and conversations show he is innocent and it is much harder to refute an audio recording than a foggy memory. Evidence goes both ways and the Government does not have a monopoly on it.

It would be possible to meet the Government half-way with *in camera* review, except that it has not established a need for this. Another solution would be to appoint someone with security clearance to assist Mr. Chesser, but there is no evidence of a need for that either. Mr. Chesser was simply being responsible

with his inclusion of the USAO, but they have declined this opportunity.

Accordingly, Mr. Chesser's Motion should be granted.

Respectfully submitted,

Zachary A. Chesser
Reg. No. 76715-083
USP Florence ADMAX
P.O. Box 8500
Florence, CO 81226

<u>Certificate of Service</u>

By mailing this to the Clerk on 10/15/15, I caused an electronic copy to be served on Gordon Kromberg.[3]

Zachary A. Chesser

---

[3] This is one day after receiving the U.S.'s response.

10