1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
--------------------------------:
                                 :
UNITED STATES OF AMERICA,        :
                                 :
                                 :
     vs.                         :  Case No. 1:10-cr-395
                                 :
                                 :
ZACHARY A. CHESSER,              :
               Defendant.        :
                                 :
--------------------------------:
```

PLEA HEARING

October 20, 2010

Before:  Liam O'Grady, USDC Judge

APPEARANCES:

Gordon D. Kromberg, Thomas H. McQuillan, and John T. Gibbs, Counsel for the United States

Michael S. Nachmanoff, Counsel for the Defendant

The Defendant, Zachary A. Chesser, in person

1          THE CLERK:  Criminal case number 1:10-cr-395, the

2    United States of America versus Zachary Adam Chesser.

3          MR. KROMBERG:  Good afternoon, Your Honor.  Gordon

4    Kromberg, Tom McQuillan, and John Gibbs for the United States.

5    John Gibbs is a trial attorney with the United States

6    Department of Justice.

7          Also with us are the case agents, FBI Special Agent

8    Paula Menges and United States Secret Service Special Agent

9    Sean Kirgan.

10         THE COURT:  All right.  Good afternoon to you all.

11         MR. NACHMANOFF:  Good afternoon, Your Honor.

12    Michael Nachmanoff on behalf of Mr. Chesser, who is present.

13         THE COURT:  All right.  Good afternoon, Mr.

14    Nachmanoff.

15         Good afternoon, Mr. Chesser.

16         This comes on for a plea.  Are the parties ready to

17    proceed?

18         MR. KROMBERG:  Yes, Your Honor.

19         MR. NACHMANOFF:  We are, Your Honor.

20         MR. KROMBERG:  The documents that we have handed up

21    today are identical to the ones that were delivered to your

22    chambers earlier, except for two typographical errors in the

23    criminal information.  Page 6, the caption has been changed to

24    reflect the actual description of the charge.

25         And on page 13, the words "grand jury" were deleted

1    in the reference to soliciting others to commit a crime.  The

2    words "soliciting others unknown to the grand jury" were

3    deleted.  But the rest is identical, Judge.

4          THE COURT:  All right, thank you.  I appreciate

5    getting the courtesy copy.

6          Let's swear Mr. Chesser, please.

7          NOTE:  The defendant duly affirms.

8          THE COURT:  All right.  Good afternoon, Mr. Chesser.

9    How old are you, sir?

10          THE DEFENDANT:  I am 20 years old.

11          THE COURT:  All right.  How far did you go in

12    school?

13          THE DEFENDANT:  Through my freshman year of college.

14          THE COURT:  All right.  And you were born and raised

15    in the United States, sir, and English is your primary

16    language?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  All right.  Have you told Mr. Nachmanoff

19    everything about this case so that he could represent you to

20    the best of his ability?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  And has he been able to answer any

23    questions you had about the various documents which we are

24    going to go over in a few minutes?

25          THE DEFENDANT:  Yes, sir.

4

1          THE COURT:  All right.  And are you fully satisfied

2     with Mr. Nachmanoff's services?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  All right.  Has anyone made any threats

5     or promises that aren't in this agreement to get you to plead

6     guilty here today?

7          THE DEFENDANT:  No, sir.

8          THE COURT:  All right.  And are you prepared to

9     plead guilty to the three-count information because you are in

10    fact guilty of each of those counts?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  All right.  Have you had sufficient time

13    to discuss the agreement, and the statement of facts, and the

14    waiver of indictment with your counsel, Mr. Nachmanoff?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  All right.  Let's go to the waiver of

17    indictment first.  Do you understand that you have a right to

18    have a grand jury consider the charges against you?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  And the grand jury is made up of

21    two-dozen members of our community.  They would have to hear

22    evidence from a witness who would be under oath and subject to

23    review by them.  They would have to find that there was

24    probable cause to believe that you've committed each of these

25    offenses before -- a majority of the members of the grand jury

1    would have to find that there was probable cause before you

2    would be indicted on any of these charges.

3              Do you understand that?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  And do you understand you have a right

6    to waive your right to have the grand jury consider the

7    charges against you and instead proceed by criminal

8    information?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  And you have agreed to do that after

11   consulting with Mr. Nachmanoff in this case, sir?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  All right.  I find that you've knowingly

14   and voluntarily waived your right to grand jury consideration,

15   and we will proceed by criminal information.

16             Do you understand that you have a right to plead not

17   guilty to each of these charges and be tried on those not

18   guilty pleas if you wish?

19             THE DEFENDANT:  Yes, sir, I understand.

20             THE COURT:  And do you understand that if there was

21   a trial, a jury could be impaneled, it would be made up of 12

22   members of our community; and before you could be found guilty

23   of any of these charges, the jury would have to unanimously

24   agree that the Government had proven its case beyond a

25   reasonable doubt?

1           Do you understand that?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:  Do you understand that if there was a

4  trial, the Government would have to call witnesses?  They

5  would be placed under oath.  They would be subject to

6  cross-examination by your counsel.  You would have a right to

7  contest the evidence the Government sought to admit against

8  you.  You would have a right to use the power of the court to

9  compel witnesses to attend and testify in any trial.  You

10 would have a right to testify yourself if you wished in any

11 trial, and an absolute right not to testify if you didn't wish

12 to.  And no inference could be made by the trier of fact

13 because you failed to testify in your own behalf.

14          Do you understand those rights?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  And of course, you would have a right to

17 have counsel present representing you at all stages of a

18 criminal proceeding.  Do you understand that?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Do you understand that if I accept your

21 pleas of guilty as to Count 1, the communicating threats in

22 violation of Title 18, Section 875(c), the maximum term of

23 imprisonment is five years?

24          And Count 2, the soliciting others to engage in

25 conduct constituting a felony that has as an element the

1    threatened use of physical force against another in violation

2    of Title 18, Section 373, the maximum term of imprisonment is

3    ten years.

4          And as to the third count in the criminal

5    information, attempting to provide material support to a

6    designated terrorist organization in violation of Title 18,

7    Section 2339(b), the maximum term of imprisonment is 15 years.

8          In each of those offenses there is also a fine of up

9    to $250,000, restitution, a special assessment, and three

10   years of supervised release.

11         Do you understand those are the maximum penalties?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  And that they could be run

14   consecutively.  Do you understand that?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  And do you understand that supervised

17   release is a period of probation which begins after you've

18   been released from any term of incarceration?  If you violated

19   the conditions of your supervised release, you could be sent

20   back to the penitentiary for the full number of years of

21   supervised release.

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  All right.  Do you understand that you

24   won't be sentenced today, that the case will be continued for

25   a presentence report by the Probation Office, and that at this

1    time there is no certainty and complete uncertainty as to what

2    sentence may be imposed?

3            Do you understand that?

4            THE DEFENDANT:  Yes, sir.

5            THE COURT:  Do you understand that I will look at

6    the factors in Title 18, Section 3553, which include the

7    nature of this offense, your personal history, matters of

8    deterrence?

9            And also a Sentencing Guideline calculation, which

10   is not mandatory but can be considered by the Court.  And that

11   only after that report has been prepared and I've considered

12   those other factors, we may have disagreements between counsel

13   and the Probation Office report and the Guideline calculation,

14   all those matters won't be resolved until your day of

15   sentencing.

16           Do you understand that?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  All right.  And knowing the uncertainty

19   of what sentence you might receive, you have agreed to waive

20   your right to appeal your convictions of these three counts of

21   the criminal information and also any sentence that I impose

22   as long as it is a lawful sentence?

23           THE DEFENDANT:  Yes, sir.

24           THE COURT:  Do you understand that you have also

25   agreed in paragraph 4 of the agreement that the United States

1    and you and your counsel agree that at least Count 3 of the

2    information is a felony that involved and was intended to

3    promote a federal crime of terrorism?

4            Do you understand that?

5            THE DEFENDANT:  Yes, sir.

6            THE COURT:  All right.  The agreement further

7    provides you with immunity from further prosecution in this

8    district for the offenses of which you are charged, with the

9    exception of any crime of violence that the Government is

10   presently aware of.

11           Do you understand that?

12           THE DEFENDANT:  Yes, sir.

13           THE COURT:  And you have agreed, in consideration of

14   that agreement not to prosecute you further for these events,

15   to at sentencing not request a sentence below 240 months of

16   incarceration?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  All right.  Also, as part of the

19   agreement between yourself and the Government, the Government

20   has agreed not to criminally prosecute your wife, if I

21   pronounce it incorrectly, I apologize, Ms. Nzabanita, for the

22   conspiring, or aiding and abetting the commission of the

23   information counts, as long as she pleads guilty to making

24   false statements in violation in Title 18, Section 1001, or

25   other suitable felony to be agreed upon within the next 60

1    days.

2            Is that correct, sir?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  All right.  You have agreed to cooperate

5    fully and truthfully with the United States.

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  Do you understand that means what it

8    says?  That means that you will be questioned by law

9    enforcement personnel.  That you may have to testify in grand

10   juries.  You may have to testify at trials.  The information

11   that you provide may be checked for its accuracy.  You may be

12   required to undergo a polygraph examination.  It means just

13   what it says, truthfully and completely.

14           Do you understand that?

15           THE DEFENDANT:  Yes, sir.

16           THE COURT:  Do you understand that if you are found

17   not to have cooperated fully and truthfully, that the

18   Government would be allowed to withdraw its part of the

19   agreement that you've reached, but you would not be allowed to

20   withdraw your pleas of guilty given here today?

21           THE DEFENDANT:  Yes, sir.

22           THE COURT:  All right.  Do you understand that the

23   Government has agreed not to use any truthful information

24   which you provide in furtherance of any prosecution against

25   you?

1          That does not provide you with immunity from another

2     district investigating separately and also obtaining the

3     information that you have provided in an effort to prosecute

4     you in another jurisdiction.

5          THE DEFENDANT:  Yes, sir, I understand.

6          THE COURT:  All right.  And do you understand that

7     if that happens, the Government will bring to the attention of

8     the other jurisdiction the nature and extent of your

9     cooperation and the fact that you have voluntarily pled guilty

10    here today?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  All right.  Have you gone over the

13    criminal information carefully?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  So you understand that in Count 1,

16    communicating threats in violation of Title 18, United States

17    Code 2261(a) --

18         MR. KROMBERG:  I am sorry, Judge, I am sorry for

19    interrupting, but that was the typo that was corrected, and it

20    should say 18 U.S.C. 875(c).

21         THE COURT:  You are right, thank you.

22         You understand more particularly that in that

23    charge, that the information charges that between April 15 of

24    2010 and July 21 of 2010, in the Eastern District of Virginia,

25    and elsewhere, you knowingly and unlawfully transmitted in

1    interstate and foreign commerce communications by Internet

2    postings containing threats to injure other persons, including

3    TP and MS and another individual described as JG in connection

4    with the broadcast of an episode of South Park, and JG's

5    participation in a group on Facebook?

6              Do you understand those are the elements of the

7    offenses charged in Count 1 of the information?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  And you have gone over the facts

10   necessary to prove you guilty of Count 1 of the criminal

11   information with your counsel?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  All right.  And have you gone over the

14   manner and means which is laid out in the criminal information

15   as well as repeated in the statement of facts with your

16   counsel?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  And do you disagree with any of the

19   statements made and agreed upon in the statement of facts that

20   are in the criminal information?

21             THE DEFENDANT:  I agree with all of those statements

22   in the criminal information.

23             THE COURT:  All right.  And you went over each of

24   them carefully, including the manner and means of the

25   distribution of the threatening communications?

1              THE DEFENDANT:  Yes, sir.

2              THE COURT:  All right.  And I won't go over all of

3    them, but do you agree that you developed or used Web sites,

4    including revolutionmuslim.com and the mujahidblog.com Web

5    sites to transmit statements and photos and clips asserting

6    that the South Park episode insulted Muhammad, and that the

7    persons responsible were in grave danger and should be paid a

8    visit by members of the Muslim community in retribution?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  All right.  And also, that during that

11   period of time you used a YouTube Web site to transmit videos,

12   including the Defense of the Prophet Campaign, and that you

13   narrated that video?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  All right.  And you agree that the

16   contents included photographs of those you felt were

17   responsible for insulting Muhammad and other information about

18   them?

19             THE DEFENDANT:  Excluding JG, yes, sir.

20             THE COURT:  Okay.  Do you also agree that in or

21   around May 17 of 2010, that you obtained the contact

22   information for at least nine individuals on Facebook who had

23   joined The Everybody Draw Muhammad Day Group and transmitted

24   that information out?

25             THE DEFENDANT:  Yes, sir.

1          THE COURT:  Okay.  And do you agree that in looking

2   at the information that you put out on those Web sites, and

3   the nature of that information, that it objectively

4   constituted messages to an audience that likely included

5   individuals around the world who were inclined to engage in

6   violent jihad against what they believed to be the enemies of

7   Islam?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  And also that you understood the

10   messages to constitute requests to attack MS, TP, and JG?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  And that could potentially -- those

13   persons were capable of attacking MS and TP and JG in response

14   to those messages?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  How do you plead then to Count 1 of the

17   criminal information which charges you with a violation of

18   Title 18, Section 875(c), guilty or not guilty, sir?

19          THE DEFENDANT:  Guilty, Your Honor.

20          THE COURT:  All right.  Let's move on to Count 2,

21   which charges you with soliciting others to engage in violent

22   or threatening felony conduct.

23          Did you go over the elements of that offense, Title

24   373, with counsel and the proof necessary before you would be

25   found guilty of that charge, sir?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  All right.  And in particular, that you

3  urged others to leave suspicious packages that looked like

4  package bombs in public places that were otherwise harmless to

5  desensitize the public and law enforcement authorities to the

6  threat of actual package bombs in violation of Title 18,

7  U.S.C., 1992 and 1038?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  All right.  And did you go over the

10 manner and means in Count 2 of the criminal information, the

11 seven paragraphs which discuss different postings that you

12 made between June and July of 2010 in the Eastern District of

13 Virginia and elsewhere?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  And are each of those manner and means

16 accurate?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  All right.  So, again, without going

19 over each and every one of them, that in January you posted a

20 link on the Mujahideenblog.com, the entire the United States

21 Transportation Security Administration manual, which in

22 particular set forth the operating procedures used at airports

23 for screening and inspecting individuals and property and

24 baggage at those airports; is that correct?

25         THE DEFENDANT:  Yes, sir.

16

```
1          THE COURT:  And that in June you posted on the Al
2    Fallujah Islamic Forums Web site a link titled 200 Plus Books
3    on Various Beneficial Subjects, which you describe as books on
4    jihad, Islam, and warfare?
5          THE DEFENDANT:  Yes, sir.
6          THE COURT:  All right.  And that in paragraph 7,
7    that on or about June 15 of 2007 you posted a message on the
8    Al Fallujah Islamic Forums again the information Desensitizing
9    Federal Agents and conducting fake operations by leaving
10   suspicious packages at different locations, and you ended the
11   message posted with the words "Boom! No More Kuffar"; is that
12   right, sir?
13         THE DEFENDANT:  Yes, sir.
14         THE COURT:  All right.  How do you plead then to
15   Count 2 of the criminal information which charges you with a
16   violation of Title 18, Section 373, guilty or not guilty, sir?
17         THE DEFENDANT:  Guilty, sir.
18         THE COURT:  All right.  In looking at Count 3, which
19   charges you with material support to a designated terrorist
20   organization in violation of Title 18, Section 2339(b), it
21   states that in between July 10 -- beginning on a date unknown
22   and continuing through July 10, 2010, in the Eastern District
23   of Virginia and elsewhere, that you knowingly and unlawfully
24   provided and attempted to provide material support and
25   resources both individually and through recruitment of others
```

1    to a terrorist organization, namely al-Shabaab, in that you

2    attempted to travel to Somalia to fight for and at the

3    direction of al-Shabaab, and posted material related to

4    violent jihad and its tactics on the Internet for and at the

5    instruction of al-Shabaab.

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  And you went over the elements of that

8    offense necessary for you to be found guilty of that offense

9    with your counsel?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  And there follows a series of paragraphs

12   which constitute the manner and means of carrying out that

13   offense.

14             Did you go over those carefully with your counsel?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  And do you agree, as they are also

17   listed in the statement of facts, that you in fact committed

18   each and every one of those acts in furtherance of a violation

19   of Count 3?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  All right.  And in particular, in

22   November you planned -- November 2009, as it states in

23   paragraph 3, you attempted to leave the United States and

24   travel to Somalia for the purpose of joining al-Shabaab and

25   engaging in violent jihad, but ultimately you had to postpone

1  that trip; is that correct?

2         THE DEFENDANT:  Yes, sir.

3         THE COURT:  And that you thereafter posted on

4  another Web site a series of messages concerning the Somalian

5  attacks by al-Shabaab during May of 2010; is that correct?

6         THE DEFENDANT:  Yes, sir.

7         THE COURT:  All right.  And that you then again made

8  preparations to leave the United States and travel to Somalia

9  to join al-Shabaab and engage in violent jihad in July of

10 2010, and got as far as John F. Kennedy International Airport

11 in New York on that attempt?

12        THE DEFENDANT:  Yes, sir.

13        THE COURT:  All right.  How do you plead then to

14 Count 3 of the criminal information which charges you with a

15 violation of Title 18, Section 2339(b), guilty or not guilty?

16        THE DEFENDANT:  Guilty.

17        THE COURT:  All right.  Mr. Nachmanoff, have you

18 gone over the facts of the case with Mr. Chesser?

19        MR. NACHMANOFF:  I have, Your Honor.

20        THE COURT:  And also gotten discovery from the

21 Government on each of the allegations made in the criminal

22 information and statement of facts?

23        MR. NACHMANOFF:  Yes, Your Honor.

24        THE COURT:  Do you believe that Mr. Chesser's pleas

25 this afternoon are knowingly and voluntarily made?

```
1               MR. NACHMANOFF:  I do.

2               THE COURT:  And that there is a basis in fact for

3   each one of them?

4               MR. NACHMANOFF:  Yes.

5               THE COURT:  All right.  Thank you.  Based on the

6   plea agreement, and the statement of facts, and the answers to

7   my questions by Mr. Chesser, and those of counsel, Mr.

8   Nachmanoff, I will find Mr. Chesser guilty of each of the

9   counts in the criminal information.

10              I will continue this matter for sentencing.  I will

11  order a presentence report.

12              I think we ought to go into January.  Does

13  January 14 work for counsel?

14              MR. NACHMANOFF:  It does, Your Honor.  It might be

15  worth setting it a little bit later just given the nature of

16  this case and the amount of work that will have to go into the

17  presentence report.  We could set it for that time and then

18  see whether it needs to be pushed back, or perhaps pick a date

19  in February if that's more convenient.

20              THE COURT:  Well, why don't we go to the end of

21  January then.  How about the 28th of January?

22              MR. KROMBERG:  That would be fine, Judge.

23              MR. NACHMANOFF:  I apologize, Your Honor, I think I

24  am out of town that week.

25              THE COURT:  Okay.
```

1          MR. KROMBERG:  Judge, if I could say, I did want to

2     approach the bench on a matter with Mr. Nachmanoff that might

3     make it easier to pick a date, if that's possible.

4          THE COURT:  Certainly.

5          MR. NACHMANOFF:  And before we do that, there is

6     only one other matter I want to place on the record.  Which is

7     that these documents contain the entire agreement amongst

8     parties.

9          There is one thing that is not in the written plea

10    agreement that is an agreement between the parties which I

11    wanted the Court to be aware of.  Which is that the Government

12    has agreed not to seek or to request that Mr. Chesser be sent

13    to a Super Max facility, which would include Florence, and

14    will not object or oppose a recommendation by the defense for

15    a BOP designation.

16         Of course, we all acknowledge that ultimately the

17    Bureau of Prisons will make its own determination as to

18    classification and designation.  But I wanted to be clear that

19    that was something that had been discussed between the

20    parties.

21         MR. KROMBERG:  That's correct, Judge.

22         THE COURT:  All right.  I can understand why.

23         All right, please --

24         MR. KROMBERG:  Can we approach?

25         THE COURT:  -- approach the bench.

21

1

2    UNDER SEAL Page contained in separate under seal transcript.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2      UNDER SEAL Page contained in separate under seal transcript.

23

1

2    UNDER SEAL Page contained in separate under seal transcript.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

24

```
1              NOTE:  The under seal side-bar discussion is
2    concluded; whereupon the hearing continues as follows:
3              THE COURT:  All right.  How about February 25 at
4    9:00 a.m. for sentencing?
5              MR. KROMBERG:  That's fine, Judge.
6              MR. NACHMANOFF:  That's fine, Your Honor, thank you.
7              THE COURT:  All right.  Then this matter is
8    continued to February 25 at 9 a.m. for sentencing.  As I
9    indicated, a presentence report will be ordered.
10             And Mr. Chesser is remanded until that time.
11             MR. NACHMANOFF:  Thank you.
12             MR. KROMBERG:  Thank you, Judge.
13             THE COURT:  All right, thank you.  All right, we are
14   going to take a brief recess and then take up our 3 o'clock
15   docket.
16             Thank you, counsel.
17             MR. NACHMANOFF:  Thank you.
18        ------------------------------------------------
                          HEARING CONCLUDED
19
20
21
               I certify that the foregoing is a true and
22        accurate transcription of my stenographic notes.
23
24             ___/s/__Norman_B._Linnell_____
               Norman B. Linnell, RPR, CM, VCE, FCRR
25
```